53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Martin v. Ontiveors, Plaintiff-Appellant,
v.
Carl JACOBSON, individually and as the Inmate Disciplinary
Officer at the Utah State Prison; Mike Zetterquest,
individually and as an Officer at the Utah State Prison;
Billie Casper, individually and as the Grievance Coordinator
at the Utah State Prison; Spencer Robinson, individually
and as the Administrative Law Judge for the Utah Department
of Corrections; Kim Thompson, individually and as the
Director of Institutional Operations at the Utah State
Prison; Larry Gilliet, individually and as the (unknown) at
the Utah State Prison; John Stone, individually and as a
caseworker at the Utah State Prison; Lane McCotter,
individually and as the Executive Director for the Utah
Department of Corrections; Jack Ford, individually and as
the (unknown) at the Utah State Prison, Defendants-Appellees.
 No. 94-4225.
 (D.C. No. 93-CV-491-G)
 United States Court of Appeals, Tenth Circuit.
 May 3, 1995.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Martin V. Ontiveors brought suit pursuant to 42 U.S.C.1983, alleging that Utah prison officials did not afford him due process during a prison disciplinary proceeding. Upon the magistrate's recommendation, the district court granted summary judgment to defendants. Mr. Ontiveors appeals, and we affirm.
 
 
 3
 Prison officials charged Mr. Ontiveors with two disciplinary infractions stemming from allegations that he made a threatening phone call to his ex-wife on a staff phone. At the initial disciplinary hearing, Mr. Ontiveors was not allowed to call the witnesses he requested or to listen to a tape recording of the call that purportedly existed.[2] The disciplinary officer found Mr. Ontiveors guilty on both counts and ordered thirty days of punitive isolation. The sentence was then suspended, and Mr. Ontiveors immediately filed a disciplinary appeal.
 
 
 4
 Following a review of Mr. Ontiveors' appeal, an administrative law judge remanded the case for a new hearing. A new disciplinary hearing officer found Mr. Ontiveors not guilty on both charges. All evidence of the initial guilty finding was removed from Mr. Ontiveors' record.
 
 
 5
 Although Mr. Ontiveors never served the sentence imposed in the initial hearing, he alleges that he was improperly classified as a result of the guilty finding. He contends that in the time between the two hearings, he was eligible to advance in classification from a level three prisoner to a level four or five. Because of the guilty finding, he remained at a level three. Following the rehearing, officials conducted a reassessment and scored Mr. Ontiveors a level four. Mr. Ontiveors contends that the delay in reclassification implicates a liberty interest of which he was deprived without due process of law.
 
 
 6
 In order to trigger the due process requirements of the Fourteenth Amendment, the plaintiff must establish that the state has deprived him of liberty, or property. Board of Regents v. Roth, 408 U.S. 564, 569 (1972). A liberty interest may spring from the Due Process Clause itself or from state law. Abbott v. McCotter, 13 F.3d 1439, 1442 (10th Cir.1994).
 
 
 7
 Mr. Ontiveors contends that prison officials deprived him of two liberty interests.[3] First, he points to the thirty days of punitive isolation to which he was sentenced in the initial hearing. The hearing officer suspended the sentence, however, and upon remand and acquittal the sentence was removed from Mr. Ontiveors' record. The suspended sentence did not affect any conditions of his confinement and we therefore hold that it did not deprive Mr. Ontiveors of a constitutionally protected liberty interest. Gaston v. Taylor, 946 F.2d 340, 343-44 (4th Cir.1991) (en banc).
 
 
 8
 Mr. Ontiveors also alleges that officials deprived him of a liberty interest when his disciplinary conviction delayed his possible classification advancement prior to its reversal. However, the Constitution itself provides prisoners no right to be housed at any particular classification level. See Hewitt v. Helms, 459 U.S. 460, 468 (1983) (Due Process Clause does not independently protect an inmate from a transfer to administrative segregation). Mr. Ontiveors must therefore rely on state law to establish a liberty interest.
 
 
 9
 " '[A] state creates a protected liberty interest by placing substantive limitations on official discretion.' " Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462 (1989) (quoting Olim v. Wakinekona, 461 U.S. 238, 249 (1983)). In the prison context, courts have looked at the presence or absence of language creating "substantive predicates" to guide discretion. Id.
 
 
 10
 The Utah state prison regulations establishing the classification system do not substantively limit official discretion. Although the regulations outline guidelines for classification, an override provision allows officials to depart from the suggested classification levels. It provides:
 
 
 11
 When institutional staff decide that the Prison's legitimate interests require a departure from the strict application of point totals, in a particular case the inmate may be assigned a classification level other than that indicated by the document score and the recommended classification may be overridden.
 
 
 12
 Rec., vol. III, doc. 39. This language provides subjective official discretion to override the objective classification system and effectively forecloses any objective expectation a prisoner might have that he is entitled to an automatic advancement. See Thompson, 490 U.S. at 463-65. "In the absence of some entitlement, a fear or hope about a future discretionary decision is too speculative to give him a liberty interest." Gaston, 946 F.2d at 344.
 
 
 13
 Because we conclude that defendants did not deprive Mr. Ontiveors of a liberty interest, we need not decide whether prison procedures afforded him due process. We AFFIRM the district court's grant of summary judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendant Carl Jacobson admits that he was mistaken in his belief that such a tape existed. Jacobson Aff. at p 8
 
 
 [3]
 In addition, Mr. Ontiveors alleges on appeal that prison officials have delayed his parole date in retaliation for his filing of this suit. Aplt. Br. at 2. Because Mr. Ontiveors did not raise this issue below, we do not address it here. See Federal Deposit Ins. Co. v. Kansas Bankers Sur. Co., 963 F.2d 283, 293 (10th Cir.1992)